COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-283-CR

 

 

EDWARD WALKER                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Edward Walker entered an open plea of guilty to
unlawful possession of a firearm by a felon and a plea of true to the habitual
offender count.  The trial court found
appellant guilty, found the enhancement count to be true, and recessed the case
for a presentence investigation report (PSI). 
The trial court subsequently conducted a punishment hearing and
sentenced appellant to forty years= confinement.  We affirm.








  Procedural
Background &
Independent Review of the Record

Appellant=s court-appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  In the brief,
counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel=s brief and motion
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct.
1396 (1967), by presenting a professional evaluation of the record
demonstrating why there are no reversible grounds on appeal and referencing any
grounds that might arguably support the appeal. 
See Mays v. State, 904 S.W.2d 920, 922-23 (Tex. App.CFort Worth 1995,
no pet.).  Appellant=s counsel presents
a review of the record regarding the indictment, jurisdiction of the trial
court, pretrial matters, voluntariness of appellant=s plea, appellant=s competency,
potential error occurring after the plea, and effective assistance of
counsel.  The only matter on which
counsel can be said to have raised an arguably potential ground for appeal is
appellant=s competency.

In our duties as a reviewing court, we must conduct an
independent evaluation of the record to determine whether counsel is correct in
determining that the appeal is frivolous. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991); Mays, 904 S.W.2d at 923. 
We have conducted an independent review of the record and have
determined just that.








Appellant entered an open plea of guilty, so he waived the
right to appeal any nonjurisdictional defects, other than the voluntariness of
his plea, that occurred before entry of the plea so long as the judgment of guilt
was rendered independent of, and is not supported by, the alleged error.  See Young v. State, 8 S.W.3d 656,
666-67 (Tex. Crim. App. 2000); Lewis v. State, 911 S.W.2d 1, 4-5 (Tex.
Crim. App. 1995).  Therefore, our
independent review of the record is limited to potential jurisdictional
defects, the voluntariness of appellant=s plea, potential
error occurring before appellant=s plea that
resulted in or supports the judgment of guilt, and potential error occurring
after the guilty plea.  See Young,
8 S.W.3d at 666-67.

Jurisdictional Defects

Our review of the record reveals no jurisdictional
defects.  The trial court had
jurisdiction over the case.  See Tex. Code Crim. Proc. Ann. art. 4.05
(Vernon 2005).  Further, the indictment
conferred jurisdiction on the trial court and provided appellant with
sufficient notice.  See Tex. Const. art. V, ' 12; Duron v.
State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

Competency and Sanity

The appellate record contains appellant=s medical records,
which reveal primarily psychiatric-related complaints.  Seven pages of the PSI concern appellant=s mental health
history. 








Appellant=s counsel filed a
pretrial motion for competency examination, listing the reasons as AMHMR patient,
combative, paranoid.@ 
The trial court granted the motion, and a psychologist examined
appellant and found him to be competent. 

Appellant=s counsel argued
at the sentencing hearing that appellant=s mental health
history should be considered in mitigation of punishment, but she did not argue
that appellant was incompetent.  In fact,
she twice indicated that appellant rationally knew what was going on.  In addition, the written plea admonishments
that appellant signed state that AI am mentally
competent.@ 

Pretrial Matters

Nothing in the appellate record shows any potential error
occurring before appellant=s plea that
resulted in or supports the judgment of guilt. 
Moreover, appellant waived all pretrial motions in the written plea
admonishments that he signed in connection with his guilty plea. 

Voluntariness of Plea








The written plea admonishments as well as
the plea colloquy between the trial court and appellant at the plea hearing
indicate that appellant=s guilty plea was made freely and
voluntarily.  Further, appellant=s written waiver,
joined by his attorney, states that appellant is aware of the possible
punishment and the consequences of his plea. 
Nothing in the record would support a claim that appellant=s plea was
involuntary.

Punishment and Sentencing

After appellant pled guilty, the trial court deferred a
finding of guilt and ordered a PSI pursuant to article 42.12, section 9(a) of
the Texas Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 9(a) (Vernon
Supp. 2005).  At the punishment hearing,
the PSI was admitted without objection. 
Appellant=s mother testified that appellant had
always been hyper, that he got worse after he was kicked in the head by a horse
at the age of six or seven, that appellant had seizures after the horse kicked
him, that appellant had seen a psychiatrist in the past, that appellant was
supposed to take medication, and that he occasionally chose not to take his
medication.  In addition, appellant=s medical records
from John Peter Smith Hospital were admitted. 
Appellant=s counsel stressed all of appellant=s mental health
issues in her closing argument on punishment. 








The sentence assessed by the trial court for the offense is
within the punishment range provided for by law.  See Tex.
Penal Code Ann. '' 12.42(d), 
46.04(a), (e) (Vernon Supp. 2005).  Additionally, the sentence was based on
admissible, unobjected-to evidence provided by the State and appellant.  Our review of the record reveals no
reversible error occurring after the entry of appellant=s guilty plea.

Effective Assistance of Counsel

Counsel is strongly presumed to have rendered adequate
assistance and made all significant decisions in the exercise of reasonable
professional judgment.  Strickland v.
Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984).  Considering the totality of the
representation of appellant=s trial counsel,
the record contains nothing that would indicate that counsel=s performance was
deficient.  See id. at 687,
104 S. Ct. at 2064; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999). 

Motion to Withdraw

Because our independent review of the record reveals no
reversible error, we agree with counsel=s professional
determination that an appeal of this case is frivolous.  Accordingly, we grant counsel=s motion to
withdraw.  This court provided appellant
the opportunity to file a pro se brief, but he did not do so.

Conclusion








Based upon our independent review of this record, we have
determined that there is no error on which an appeal could be based or that
would require reversal of this case.  See
Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005).  We grant counsel=s motion to
withdraw on appeal and affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL F:    LIVINGSTON, HOLMAN, and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
June 15, 2006











[1]See Tex. R. App. P. 47.4.